UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT FOX,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF BELLINGHAM,<br><br>            Defendant. | NO. C19-0955RSL<br><br>ORDER CERTIFYING QUESTIONS TO THE WASHINGTON SUPREME COURT |

This matter comes before the Court on the "City of Bellingham's Motion for Summary Judgment." Dkt. # 13. The issue raised in the motion is whether Robert Fox, the surviving brother of Bradley Ginn, Sr., has standing to bring a claim of tortious interference with his brother's body. Having reviewed the relevant Washington case law, it is unclear whether standing to bring such a claim lies only with the individual who has the right to dispose of the body under Washington law - in this case Mr. Ginn's wife, Jai Ginn - or whether the tort covers a broader class of individuals including plaintiff, as the decedent's brother.

Plaintiff alleges that his brother died in an ambulance in July 2018. The Bellingham Fire Department paramedics on the scene took the body to the fire station where medics and other Fire Department employees took turns intubating the corpse, apparently as a training exercise. Some attempts were successful, others were not. There is no indication that Mr. Ginn or an

ORDER CERTIFYING QUESTIONS TO
WASHINGTON SUPREME COURT - 1

authorized representative gave permission to use his body in this way.

As relevant here, Mr. Ginn is survived by his wife, his children, and his brother. Under Washington law, the right to control Mr. Ginn's body fell to his spouse in the absence of a written directive to the contrary. RCW 68.50.160(3). Plaintiff filed this lawsuit claiming tortious interference with a corpse in June 2019. Ms. Ginn filed a separate lawsuit in August 2019. *See Ginn v. City of Bellingham*, C19-1204RSL.

Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." The certification process serves the important judicial interests of efficiency and comity: as noted by the United States Supreme Court, certification saves "time, energy and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

Certification is appropriate here because Washington law on the standing issue is unsettled. As summarized by the Ninth Circuit:

> There are at least two general approaches to the problem of who may bring a claim for tortious interference with a corpse. The traditional approach to standing, most commonly associated with the Restatement of Torts, identifies the tort as a claim deriving from a "quasi-property" right. Under this theory, the decedent's survivors have the right to bury or otherwise dispose of the body without interference, and the cause of action is somewhat analogous to tortious interference with a contract. In order to bring a claim under this theory, the person bringing the suit must have the legal right to disposition of the body: one who intentionally, recklessly or negligently removes, withholds, mutilates or operates upon a body of a dead

ORDER CERTIFYING QUESTIONS TO
WASHINGTON SUPREME COURT - 2

> person or prevents its proper interment or cremation is subject to liability to a member of the family of the deceased who is entitled to the disposition of the body.
>
> A number of jurisdictions have followed this theory, and most have concluded that only the class of people designated either by statute or common law as the "next of kin" may bring a claim for interference with a corpse.
>
> Courts in other jurisdictions have moved away from this approach and recognized that other close family members generally can bring suits for interference with a corpse under a subspecies of the tort of infliction of emotional distress. Under this theory the claim is not based on a property right in a dead body but in the personal right of the family of the deceased to bury the body. These jurisdictions now conclude that any close or immediate member of the decedent's family may bring suit for tortious interference with a corpse.

*Amaker v. King County*, 540 F.3d 1012, 1015-16 (9th Cir. 2008) (internal citations, quotation marks, and alterations omitted).

Washington's case law from the early twentieth century contains language from which one could argue that the tort is based on concepts of property, with standing limited to those whose right of ownership/control has been impinged. *See Wright v. Beardsley*, 46 Wash. 16, 18-19 (1907) ("The persons who are the lawful custodians of a deceased body may maintain an action for its desecration."); *Gadbury v. Bleitz*, 133 Wash. 134, 139 (1925) (quoting with approval a Wisconsin case that relies on the "right of custody of the corpse" to establish a mother's standing); *Herzl Congregation v. Robinson*, 142 Wash. 469, 473 (1927) (adopting the proposition that "the right to bury a corpse ... belongs exclusively to the next of kin"). There is also, however, language in these cases suggesting that the tort is designed to compensate relatives for the foreseeable mental anguish they suffer as a result of the intentional desecration

ORDER CERTIFYING QUESTIONS TO
WASHINGTON SUPREME COURT - 3

of the body of a loved one. *See Wright*, 46 Wash. at 19 ("the action is for a wrong against the feelings of the plaintiffs inflicted by a wrongful and improper burial of their dead; in other words, a tort or injury against the person"); *Gadbury*, 133 Wash. at 136 (noting that the common law provides a remedy where a willful wrong causes mental suffering). If that is the case, foreseeability rather than the "next of kin" construct would define the class of persons protected by the tort.

The most recent Washington Supreme Court cases that touch on the subject do not resolve the standing issue. In *Reid v. Pierce County*, 136 Wn.2d 195 (1998), for example, the Supreme Court suggested that the plaintiffs, including the decedent's surviving niece, could bring claims for tortious interference with a corpse without directly addressing standing. In *Adams v. King County*, 164 Wn.2d 640 (2008), the sum total of the standing analysis is a sentence stating, "as mother of the deceased, Adams falls within the recognized category of plaintiff who can maintain a claim for mental suffering from such misuse." The Court then cites to a portion of *Wright* that focuses on the foreseeability of the mental anguish suffered: "'That mental suffering and injury to the feelings would be ordinarily the natural and proximate result of knowledge that the remains of a deceased husband had been mutilated is too plain to admit of argument.'" 46 Wash. at 20 (quoting *Larson v. Chase*, 50 N.W. 238 (1891)).

Because the class of plaintiffs with standing to bring this claim has not been explicitly defined and/or is in flux, it is appropriate to turn to the State Supreme Court for guidance and clarification. The Court therefore respectfully certifies the following questions:

> (1) Whether only those individuals identified as "next of kin" as defined by RCW 68.50.160 at the time of a decedent's death have standing to bring a claim for tortious interference with a corpse?

ORDER CERTIFYING QUESTIONS TO
WASHINGTON SUPREME COURT - 4

(2) If the answer to the above question is "no," whether plaintiff, the decedent's brother, is within the class of plaintiffs that may bring a claim for tortious interference with a corpse?

The framing of these questions is not intended to restrict the Supreme Court's consideration of these issues: it may, in its discretion, choose to reformulate the questions presented. *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir.1999).

The Clerk of Court is directed to submit to the Supreme Court of Washington certified copies of this Order, a copy of the docket in the above-captioned matter, and Dkt. # 1, 10, 13, 14, and 16-19. The record so compiled contains all matters in the pending cause deemed material for consideration of the state law questions certified for answer. The Clerk of Court shall notify the parties as soon as possible, but no more than three days, after the above-described record is filed with the Supreme Court.

Defendant is hereby designated as the appellant for purposes of the Supreme Court proceedings. The parties are referred to Washington Rule of Appellate Procedure 16.16 for additional information regarding procedure before the Supreme Court.

//

//

//

//

ORDER CERTIFYING QUESTIONS TO
WASHINGTON SUPREME COURT - 5

The above-captioned matter is hereby STAYED pending the Washington Supreme Court's decision on whether it will accept review, and if so, receipt of the answer to the certified questions. The Clerk of Court is directed to enter a statistical termination in this case. Such termination is entered solely for the purpose of removing this case from the Court's active calendar. The parties shall, within fourteen days of the Washington Supreme Court's final decision, file a joint status report in this case.

Dated this 28th day of April, 2020.

Robert S. Lasnik
United States District Judge

ORDER CERTIFYING QUESTIONS TO
WASHINGTON SUPREME COURT - 6