UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT FOX,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF BELLINGHAM,<br><br>        Defendant. | Cause No. C19-0955RSL<br><br>ORDER GRANTING IN PART DEFENANT'S MOTIONS IN LIMINE |

This matter comes before the Court on "Defendant's Motions in Limine." Dkt. # 45. Plaintiff opposes only one of the motions. Because these issues will have to be resolved at trial regardless, the Court exercises its discretion to hear the motions in limine even though defendant failed to confer with plaintiff in an effort to identify which matters were actually in dispute.

**A. Motions in limine 1-9 and 11**

The motions are unopposed and therefore GRANTED. The exclusionary rulings with regards to motions in limine 2-5 and 7 apply to both parties.

**B. Investigative Report**

Following the incident at issue in this case, the City of Bellingham hired an attorney, Sarah Hale, to investigate and provide a written report of her factual findings. In his pretrial statement, plaintiff recounts the genesis of Ms. Hale's report and identifies the individuals interviewed and documents reviewed as part of the investigation. Dkt. $ 46-1 at 6-7. He also

ORDER - 1

describes the Fire Department's conclusions regarding violations of Department policies and practices as revealed by Ms. Hale's investigation. Dkt. # 46-1 at 7. Plaintiff has listed Ms. Hale's report as a trial exhibit. Dkt. # 46-1 at 8. Defendant argues that the investigation and report are irrelevant to the sole remaining issue of plaintiff's damages,[1] are inadmissible as subsequent remedial measures under Fed. R. Ev. 407, and are unduly prejudicial under Fed. R. Ev. 403.[2]

Plaintiff asserts that the investigation report was his first glimpse into what had happened to his brother's body while in defendant's custody and argues that the jury needs to see the report to fully understand defendant's conduct as well as the depth and extent of the emotional distress plaintiff suffered when he learned of that conduct. To the extent the report documents what occurred on July 31, 2018, and informed plaintiff's understanding of those events, it is intimately connected to plaintiff's reaction and therefore relevant to his claim of emotional distress. The sterile and brief statement of facts to which defendant is willing to admit (Dkt. # 49-1 at ¶¶ 13-19) does not preclude the admission of additional details and descriptions that support plaintiff's claim of emotional distress.[3] Plaintiff agrees, however, that he will not argue that the use of his brother's body violated Fire Department policies or procedures or that

---

[1] The City has admitted liability.

[2] Defendant's hearsay objection was raised for the first time in reply, depriving plaintiff of any opportunity to respond. The objection has not been considered.

[3] For example, the investigative report reveals that at least some of the participants were aware that their conduct might not stand up under scrutiny, that various individuals, including office staff, were invited to participate, and that the decedent's body was intubated in view of the public. Dkt. # 49-1 at 15-19. Defendant offers no legal authority that would bind or limit plaintiff to accept its admitted facts when attempting to prove damages.

ORDER - 2

defendants should be punished for its actions. Evidence and argument regarding violations of policy or procedure and/or the need to punish defendant will be excluded.[4]

Defendant's Rule 407 objection is overruled. The report documents witness statements and the investigator's conclusions regarding what happened on July 31, 2018. Defendant makes no effort to explain how an investigative report is a subsequent remedial measure "that would have made an earlier injury or harm less likely to occur." Fed. R. Ev. 407. *See* Christopher Mueller & Laird Kirkpatrick, 2 FEDERAL EVIDENCE § 4:50, at 77 (3d ed.2007) (post-incident investigations are generally not excluded by Rule 407 because "such reports or inspections are not themselves remedial measures, and do not themselves even reflect decisions to take or implement such measures."). In the circumstances presented here, there is no chance that the admission of the report into evidence would "punish" defendant for its efforts to remedy a practice or procedural failure where no such remedy is identified, discussed, or disclosed. *See In re Aircrash in Bali, Indonesia,* 871 F.2d 812, 817 (9th Cir. 1989).

Defendant argues that any marginal relevance of the investigative report is outweighed by the prejudice that will arise if additional details regarding its use of the decedent's body are presented to the jury. As discussed above, evidence that defendant violated its own policies and procedures and argument regarding the need to punish defendant will be excluded as irrelevant. That the remaining portions of the report may prompt the jury to award a greater sum in

---

[4] This ruling is without prejudice to plaintiff's ability to raise the issue again if defendant opens the door by relying on its policies and procedures to justify the use of the decedent's body.

ORDER - 3

emotional distress damages than if the evidence were limited to defendant's admitted facts does not make the award unfair or the evidence unfairly prejudicial.

For all of the foregoing reasons, defendant's motions in limine are GRANTED in part and DENIED in part.

Dated this 23rd day of January, 2023.

*MrS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 4